RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/11/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FARIKAS TRANKI THOMPSON | DOCKET NO. 13-CV-391, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Farikas Tranki Thompson, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges his continued confinement in federal custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the petition be denied and dismissed.

### *Facts and Background*

Petitioner was arrested for attempted carjacking on July 22, 1996, by officials in Meridian, Mississippi. See Thompson v. State, 726 So.2d 233 (Miss.App. 1998). He was ordered detained in Lauderdale County.

On September 11, 1996, an indictment and warrant were issued charging Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g). [Criminal Docket No. 4:96-cr-13

(SD Miss), Doc. #1,2] A ***Writ of Habeas Corpus ad Prosequendum was issued on September 19, 1996***, ordering that Petitioner appear in the United States District Court for the Southern District of Mississippi on September 26, 1996). The writ was served on the sheriff of Lauderdale County, and Petitioner was arraigned in federal court on September 26, 1996. [Criminal Docket No. 4:96-cr-13 (SD Miss), Doc. #4] On November 26, 1996, Petitioner plead guilty to the charge, and he was sentenced on February 21, 1997 to a term of 100 months of imprisonment. [Criminal Docket No. 4:96-cr-13 (SD Miss), Doc.#16] Following the conclusion of federal proceedings, ***Petitioner was returned to the custody of Lauderdale County officials, and the writ of habeas corpus ad prosequendum was filed into the record as having been executed on March 6, 1997***. [Criminal Docket No. 4:96-cr-13 (SD Miss); Doc. #18]

In November 2008, the United States Marshal issued a detainer for Petitioner to the Mississippi Department of Corrections. [Doc. #1-2, p.6] On January 18, 2011, Petitioner was paroled from the Mississippi Department of Corrections to the U.S. Marshal service for commencement of the federal sentence.

### Law and Discussion

Petitioner argues that he should be immediately released because he has already served his federal sentence of 100 months concurrently with his state sentence. He argues that, because the judge remanded him to the custody of the U.S. Marshals after the

2

sentencing[1], he was no longer under the jurisdiction of the state. Petitioner is mistaken. A *writ of habeas corpus ad prosequendum* was issued by the federal court while Petitioner was in the custody of the state. Such a writ permits one sovereign (the federal government in this case) to temporarily "borrow" a person in the custody of another sovereign (the State of Mississippi in this case) for the purpose of prosecuting him. The writ permits the receiving sovereign to perform such acts as indicting, arraigning, trying and sentencing the person. See <u>Flick v. Bevins</u>, 887 F.2d 778, 781 (7th Cir. 1989)(per curiam). As the receiving jurisdiction merely obtains **limited jurisdiction** over the person, the person remains under the jurisdiction and in the custody of the sending sovereign. The writ did not deprive the Mississippi authorities of jurisdiction over Petitioner; it merely allowed the federal authorities to borrow Petitioner for his federal proceedings and return him at the conclusion of the proceedings.

Additionally, Petitioner is not entitled to have his federal sentence run concurrently to his state sentence. "Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively <u>unless the district court specifically orders that they run concurrently</u>."

---

[1] On the form for judgments in criminal cases, there are boxes for the judge to check as to whether the defendant should be remanded or released and allowed to self-surrender. [Doc. #1-2, p.3]

Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003), *reh'g denied* (Jul. 31, 2003)(citing 18 U.S.C. §3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")(emphasis added). In this case, multiple terms of imprisonment were imposed at different times, and the district court did not order them to run concurrently. Moreover, the Bureau of Prisons actually contacted to the sentencing judge to determine whether he wanted to retroactively designate a concurrent sentence. The judge responded that he did not recommend a concurrent sentence. [Doc. #1-2, p.22]

Finally, a prisoner is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a *writ of habeas corpus ad prosequendum* if the prisoner received credit for such time on his state sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972). In this case, Petitioner did receive credit against his state sentence for the period he spent in federal custody pursuant to a *writ of habeas corpus ad prosequendum*.

Petitioner did not serve his federal sentence while in state custody. The judge did not order concurrent sentences, and the Bureau of Prisons did not grant a nunc pro tunc desigation, as it was clearly against the intent of the sentencing court.

This Court has given Thompson's petition preliminary

4

consideration pursuant to 28 U.S.C. § 2243[2] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[3] which is applicable to §2241 petitions under Rule 1(b).[4] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[5] Such is the case in the captioned matter.

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice because Petitioner is not in custody in violation of the Constitution or laws of the United States.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the**

---

[2] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[3] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[4] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[5] Id. at PROC. R. 4.

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 11th day of June, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE